# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Cr. ID No. 1607020992 |
| | ) | |
| RICHARD S. FERRY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: July 10, 2019
Decided: July 23, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED.

Matthew B. Frawley, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Richard Ferry, PA/ DOC, S.C.I. Pine Grove, P.O. Box 33028, St. Petersburg, Florida, *pro se.*

PARKER, Commissioner

This 23rd day of July 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. On August 29, 2016, Defendant Richard S. Ferry was indicted on Burglary Second Degree, Theft of a Firearm, Theft of Property valued at less than $1,500, Criminal Mischief, Possession of a Firearm by a Person Prohibited, Possession of Ammunition by a Person Prohibited, two counts of Illegal Possession of a Controlled Substance, and Possession of Drug Paraphernalia.

2. The charges stemmed from a burglary that occurred on July 27, 2016 at a residence in New Castle, Delaware. On the morning of July 27, 2016, Ferry entered the home of a 47-year-old victim, in New Castle, Delaware, by breaking through the basement window. Once inside the home, Ferry entered the basement where the victim's 26-year-old son resided and stole his black briefcase containing a Kel-Tec PLR-16 .223 caliber pistol and approximately 500 rounds of ammunition. The pistol had a fully loaded 100 round drum magazine, a mount scope, and foregrip.

3. Shortly after the burglary, a picture of the victim's uncle, Defendant Ferry, was seen online of him posing with the stolen gun. The caption under the picture stated, "Who want it?"

1

4.     Ferry was arrested. Ferry's friend, Brandi Hitchens, told police that Ferry had broken into the residence, stole the gun, sold it, and purchased drugs with the money he obtained.

5.     On January 24, 2017, Ferry pled guilty to Burglary Third Degree (lesser-included offense of Burglary Second Degree), Theft of a Firearm and Possession of a Firearm by a Person Prohibited.[1]

6.     In exchange for the guilty plea, the State agreed to dismiss all the other charges in the indictment.[2] As part of the plea agreement, the State agreed to seek to have Ferry declared a habitual offender pursuant to 11 *Del. C.* § 4214(c) on only the charge of Possession of the Firearm By a Person Prohibited. The State further agreed to cap its sentence recommendation to the minimum-mandatory period of 15 years of unsuspended Level V time.[3]

7.     Prior to sentencing, a pre-sentence investigation was conducted. Also prior to sentencing, defense counsel submitted a mitigation report which detailed Ferry's substance abuse issues, mental health issues, juvenile delinquency, treatment attempts, and all other aspects of Ferry's background

---

[1] Superior Court Docket No. 10- Plea Agreement.
[2] Superior Court Docket No. 10- Plea Agreement.
[3] Superior Court Docket No. 10- Plea Agreement.

2

that the defense believed should be taken into consideration as mitigating factors at sentencing.[4]

8. On April 28, 2017, the Superior Court granted the State's motion to declare Ferry a habitual offender, and thereafter sentenced him to the minimum-mandatory period of 15 years of unsuspended Level V time, followed by probation.

9. Ferry did not file a direct appeal to the Delaware Supreme Court.

## FERRY'S RULE 61 MOTION

10. On June 26, 2019, Ferry filed the subject Rule 61 motion. This motion was filed over two years after Ferry's conviction became final. In the subject motion, Ferry raises ineffective assistance of counsel claims as to the pre-trial process, including the alleged lack of disclosure of the discovery provided by the State, ineffective assistance as to the handling of his plea, and claims that his plea was not voluntary.

11. Ferry's Rule 61 motion is time-barred and otherwise procedurally barred.

12. Prior to addressing the substantive merits of any claim for postconviction relief the court must first determine whether the defendant has

---

[4] See, Superior Court Docket No. 18.

met the procedural requirements of Superior Court Criminal Rule 61.[5] If a procedural bar exists, then the claim is barred and the court should not consider the merits of the postconviction claim.[6]

13.    Rule 61 (i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction;[7] (2) any basis for relief must be asserted in the first timely filed motion for postconviction relief absent exceptional circumstances (ie. discovery of *new* evidence that creates a strong inference of defendant's actual innocence or *new* rule of constitutional law that would render the conviction invalid) warranting a subsequent motion being filed; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights and cause for relief; and (4) any basis for relief must not have been formally adjudicated in any prior proceeding. The bars to relief however do not apply to a claim that the court lacked jurisdiction or to a claim that new evidence exists that movant is actually innocent or that there is a new law, made retroactive, that would render the conviction invalid.[8]

---

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[7] Super.Ct.Crim.R. 61(i)(1).
[8] Super.Ct.Crim.R. 61 (effective June 4, 2014).

14. In the subject action, Rule 61(i)(1) precludes this court from considering Ferry's claims raised herein because Ferry's motion is time-barred.[9] To be timely, a motion for postconviction relief must be filed within one year after the judgment of conviction is final.[10] Ferry's conviction became final on or about May 27, 2017.[11] This motion was filed on June 26, 2019, over two years later, outside the applicable one-year limit. Ferry's claims, at this late date, are time-barred.

15. Rule 61(i)(2) and Rule 61(i)(5) further preclude this court's consideration of Ferry's motion since Ferry has not satisfied the pleading requirements for proceeding with this motion. Since Ferry's motion was not timely filed, in order to overcome the procedural hurdles, Ferry must establish that the court lacked jurisdiction; or that *new* evidence exists that creates a strong inference that defendant is actually innocent of the underlying charges for which he was convicted; or that the existence of a *new* rule of constitutional law made retroactive to this case would render his convictions invalid.

16. In the subject motion, Ferry is unable to overcome the procedural hurdles of Rule 61(i) by showing an exception in Rule 61(i)(5) applies. Ferry

---

[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[10] Super.Ct.Crim.R. 61(i)(1).
[11] Super.Ct.Crim.R. 61(m)(1).

has not established that the court lacked jurisdiction, that any *new* evidence existed to create a strong inference that he is actually innocent of the underlying charges, or that a *new* rule of constitutional law exists that would render his conviction invalid.

17.    Ferry does not raise anything new or recently discovered. All of Ferry's claims stem from facts known to him at the time of his plea in January 2017. Ferry does not raise any new evidence, let alone any *new evidence* that would create a strong inference that he is actually innocent. Moreover, Ferry does not claim the existence of any *new* rule of constitutional law that would be applicable to this case. As such, Ferry has failed to meet the pleading requirements allowing him to proceed with his Rule 61 motion. Ferry's motion should be summarily dismissed.

18.    Rule 61(i)(3) further prevents this court from considering any claim raised by Ferry at this late date that had not previously been raised. Ferry was aware of, had time to, and the opportunity to raise the claims presented herein in a timely filed motion. Ferry's claims raised in the subject motion stem from facts known to him at the time of his plea in January 2017.

19.    Ferry has not established any prejudice to his rights and/or cause for relief. Ferry had time and opportunity to raise any issue raised herein in a timely filed postconviction motion. There is no just reason for Ferry's delay

6

in doing so. Having been provided with a full and fair opportunity to present any issue desired to be raised in a timely filed motion, any attempt at this late juncture to raise, re-raise or re-couch a claim is procedurally barred.

20. The claims raised in Ferry's Rule 61 motion are time-barred and otherwise procedurally barred.

For all of the foregoing reasons, Ferry's motion for postconviction relief should be SUMMARILY DISMISSED.

**IT IS SO RECOMMENDED.**

_____
Commissioner Lynne M. Parker

cc: Prothonotary
Colleen E. Durkin, Esquire

7